JOSEPH NATWICK, *et al.*

*v.*

C. E. LISTON, *et al.*

(No. 10104)

Submitted January 18, 1949.  Decided

February 22, 1949.

*F. E. Parrack* and *H. Gus Muntzing,* for appellants.

*Milford L. Gibson,* for appellees.

Fox, Judge:

This appeal involves the correctness of a decree of the Circuit Court of Preston County, entered on the 10th day of February, 1948, in a chancery cause pending therein in which Joseph Natwick and others, partners trading as J. Natwick & Company, were plaintiffs and C. E. Liston, John Shaw, Frank Brooks, Gay A. Lynch, Charles

Miller, Ralph Miller, W. D. McCauley, Trustee, and O. S. Walls, Constable of Preston County, West Virginia, were defendants. The respective interest of the parties will be developed in this opinion. The appeal was granted September 27, 1948, at the instance of the plaintiffs, and the appellees, Charles Miller and Ralph Miller, assigned cross error. To reach the point raised on the appeal and cross assignment of error requires a somewhat extended statement of the events leading up to the entry of the decree complained of.

On March 10, 1945, plaintiff, J. Natwick & Company, a partnership, was the owner of an International tractor then located on what was known as the Lafferty land in Preston County, the timber on which the plaintiffs had purchased, and which was being cut, removed and manufactured by defendant, C. E. Liston. On that date, plaintiff sold the said tractor to C. E. Liston for the sum of $3,334.21, for which Liston executed his note, payable to J. Natwick & Company, the payment of which he secured by a deed of trust conveying said tractor to W. D. McCauley, trustee. This deed of trust was acknowledged on the 7th day of April, 1945, but was not admitted to record in the office of the Clerk of the County Court of Preston County until the 12th day of March, 1946. The note secured by the said deed of trust was to be liquidated by the payment of installments of $200.00 each month, but it appears that none of said payments was made.

As stated above, Liston was engaged at that time in the cutting and manufacturing of the timber on the Lafferty tract of land, under the contract with the plaintiff herein, and employed labor in and about that enterprise. On or about August 18, 1945, and before the timber job was completed, Liston left the County and State, and his whereabouts is not known. He left owing various sums of money to laborers and others employed about the lumber operation, and about October 9, 1945, several of these employees instituted action seeking to recover

the amounts due them. Apparently they were under two erroneous impressions: one, that the lumber job was being carried on by J. Natwick & Company, and the other, that J. Natwick & Company was a corporation rather than what it actually was, a partnership.

On October 9, 1945, the defendants, John Shaw and Frank Brooks, instituted separate actions before C. R. Michael, a justice of the peace of said county, against J. Natwick & Company, Incorporated, returnable October 16 following. The claim of John Shaw was for $48,00 for labor around the mill, and the claim of Frank Brooks was for $286.00, partly for his own labor and partly for the labor of others who had assigned their claims to him. There was no service of process in said action against the defendant therein, and attachments were issued and levied on the tractor, the then property of C. E. Liston. A second summons was issued in each of said actions, returnable to November 17, 1945, but this second summons was issued prior to the return day of the original summons. On October 16, 1945, there was an appearance in said action by an attorney who filed an affidavit setting up the fact that there was no corporation such as had been impleaded in said action, and that J. Natwick & Company operated as a partnership; and further, the names of the individuals of the partnership were given, whereupon both said actions were dismissed "with the definite understanding, & further agreement the said case on motion of plaintiff may be reinstated on the 23rd Nov., 1945", and the attachments therein were released. There was no further proceeding in these actions, and we have only referred to them in order to give a complete history of the development of this litigation.

On November 24, 1945, both Shaw and Brooks again instituted separate actions before the same justice of the peace; but in this instance, the defendants named were J. Natwick & Company, Incorporated, and the several members of the partnership of J. Natwick & Company, and C. E. Liston. There was no service of process on any of the defendants in these actions. In the Shaw action,

atachment was issued and delivered to the defendant, O. S. Walls, constable, but the same was not levied. In the Brooks case an attachment was issued but does not appear to have been delivered to the constable and, of course, was not levied. The action being instituted on November 24, 1945, could not have been returnable on any date earlier than November 29, 1945; but on November 27, 1945, two days before any possible return day of the original summons, a second summons was issued returnable to December 29, 1945, and on that day judgments were rendered in said actions for the amounts sued for.

On October 15, 1945, the defendant, Gay A. Lynch, instituted his action before the same justice of the peace, and made J. Natwick & Company, Incorporated, defendant therein, claiming recovery of the sum of $115.00, and process therein was made returnable October 22 following. There was no service of process, and on the day of the issuance of the original process a second summons was issued, and made returnable November 17, 1945, and on the return day of the second summons judgment was entered in favor of Lynch and against J. Natwick & Company, a corporation, for the sum of $115.00, on which execution was thereafter issued.

The said judgments having been entered, executions were issued thereon on January 8, 1946, and on January 10 following, these executions appear to have been levied on the International tractor which was then the property of C. E. Liston, though subject to the lien of the deed of trust aforesaid in favor of J. Natwick & Company, the plaintiffs herein. On February 4, 1946, after the execution of an indemnifying bond by Frank Brooks, et al., the tractor was sold by the defendant, O. S. Walls, constable, to Charles Miller and Ralph Miller for the sum of $1,200.00, which was paid to the constable, and a part of which he apparently applied to the satisfaction of the several executions in his hands, as all of them were re-

turned to the justice of the peace, satisfied, on March 5, 1946.

This was the situation when the plaintiff, J. Natwick & Company, finally awakened. Their first movement was to record the deed of trust. At this point it may be well to state that it seems to be admitted that the failure of the plaintiffs to record the deed of trust, aforesaid, did not, as between the J. Natwick & Company and Liston, in any way effect the right of the creditor to enforce the lien thereof; but, of course, if prior to the recordation of said trust deed other parties had acquired liens on said tractor, or became innocent purchasers thereof for value and without notice thereof, their liens and their purchases would be protected. It is obvious, therefore, that the rights of the defendants Shaw, Brooks and Lynch, as alleged judgment creditors, and the Millers as purchasers of the tractor, depend entirely on whether or not the judgments recovered as aforesaid, and the proceedings taken to enforce the same, created liens superior to the lien of the said deed of trust, and made valid the sale of said tractor on February 4, 1946.

On March 25, 1946, J. Natwick & Company, as a partnership, filed its bill in the Circuit Court of Preston County against C. E. Liston and the other parties above named, and in said bill set up the sale of the tractor to C. E. Liston; the deed of trust; the several actions of Shaw, Brooks and Lynch, heretofore referred to, and all the proceedings therein; and the sale of the tractor involved to Charles Miller and Ralph Miller on February 4, 1946. The nonexistence of J. Natwick & Company, as an incorporated company, was averred, and notice of the Lynch suit was denied. In general it was alleged that C. R. Michael, justice of the peace, did not have jurisdiction in any one of the said actions. The tractor on which the plaintiff held a lien had been theretofore sold to defendants, Charles Miller and Ralph Miller, under executions issued on said judgments, and the prayer

of the bill was for an injunction against the Millers inhibiting them from selling or otherwise disposing of the tractor, and asking that the Millers answer and disclose their claim thereto, and where the tractor was located; also, to restrain O. S. Walls, constable, from further proceeding to enforce the executions in his hands, and to require him to report what action had been taken by him in respect thereto; also, that all of the judgments, aforesaid, be declared void, and that the defendant be inhibited from taking further steps to enforce them. In said bill reference to a suit of J. Natwick & Company against A. R. Christopher and others, involving certain personal property of C. E. Liston was made, and the bill, and an amended bill in said cause was exhibited and asked to be heard along with the case at bar.

On May 18, 1946, and after notice, an injunction was awarded in said cause against Charles Miller and Ralph Miller, as prayed for in the bill. At May Rules, 1946, plaintiffs filed their amended bill which somewhat amplified their original bill. On May 18, 1946, Charles Miller and Ralph Miller appeared at the hearing on the application for the injunction, and demurred to plaintiff's bill as amended, which demurrer was overruled. Later the Millers filed their joint answer to which plaintiff demurred. The record does not disclose that the court ever passed on the demurrer to the Miller's answer, but we do not deem it necessary, at this stage of the litigation, to appraise the sufficiency of this answer. Whatever may be its defects, if any, it was sufficient to raise the issue as to the respective rights of the plaintiffs and the Millers in respect to the ownership of, or the rights in, the tractor here involved.

There does not appear to be any dispute of facts in this case. Depositions were taken on some points, and the Millers admitted their purchase of the tractor involved from the constable for the sum of $1,200.00; and also, that after they were enjoined from so doing, they

had sold the tractor to a party in Pennsylvania and received the sum of $3,000.00 therefor. Apparently this sale was made under some misapprehension of the force and effect of said injunction, but no point is made of their action in making such sale. The defendants, Shaw, Brooks and Lynch have never appeared in this suit, and the defense interposed by the Millers is that the judgments in favor of the parties above named, or at least one of them, were valid and binding, and furnished sufficient authority for the sale under which they purchased the said tractor.

On February 10, 1948, the Circuit Court of Preston County entered the decree complained of. By this decree it was adjudged that the defendant, C. E. Liston, was indebted to the plaintiffs in the sum of $5,834.21, of which amount the sum of $3,334.21, with interest from March 10, 1945, was secured by a deed of trust executed by said Liston to 'W. D. McCauley, trustee, on the tractor mentioned and described in the bill. It was further decreed that the said deed of trust was a lien on said tractor, having priority over all other liens against said tractor, and that the attempted sale of said tractor by O. S. Walls, constable, on February 4, 1946, was voidable, and for good reason appearing to the court, was held insufficient to vest title to said tractor in the defendants, Charles Miller and Ralph Miller, individually or as partners. It then provided that inasmuch as the Millers had, in violation and disregard of the injunction order of May 18, 1946, sold said tractor, and caused the same to be removed to the State of Pennsylvania, beyond the jurisdiction of the court, and that the Millers had received for said tractor the sum of $3,000.00 which was insufficient to pay off and discharge that part of the debt due plaintiffs covered by their lien thereon, the plaintiffs do recover from the Millers the sum of $3,000.00, but no provision was made for interest on such recovery. The decree goes on further to provide for the disposition of the funds then supposed to be in

the hands of O. S. Walls, constable, arising 'from the sale of said tractor to the Millers, and required a report from the constable, and the justice of the peace, of any sums which might remain in the hands of either one of them, arising from the attempted sale of said tractor, and the payment of the purchase price thereof, and decreed that the said sum belonged to Charles Miller and Ralph Miller, and that the same should be refunded to them. It further provided that the said justice and constable, within twenty-five days from the date of the decree, should file a verified statement showing what amount of money remained in their hands, and what disposition they had made, if any, of any part thereof, and that they pay to the plaintiffs, or to their attorneys, the amount of money so remaining in their hands, and that the same be applied as a credit on the $3,000.00 decree in favor of the plaintiffs against the Millers. It then goes on to decree that:

> "It is further adjudged, ordered and decreed that the said John Shaw, Frank Brooks and Gay Lynch do each recover of and from the said defendant C. E. Liston and personal property their attachment in proper priority as listed and the respective amounts for which the said C. R. Michael, justice as aforesaid, rendered or attempted to render judgment for them and each of them as is shown by the record in this cause."

The decree ends with judgment for costs against Charles Miller and Ralph Miller, and provides that the Millers recover from C. E. Liston, the sum of $700.00 expended by them on the tractor, subject to any rights of credit thereon by reason of the Millers' use of the tractor.

The claim of the plaintiffs is that the alleged sale of the tractor made by O. S. Walls, constable, on February 4, 1946, was absolutely void; that the Millers acquired no title whatever thereto. Their complaint as to the courts decree of $3,000.00 in their favor and against the Millers is that it does not provide for interest from the

date when said sale was made, and the Millers received the sum of money on which such decree was based. They complain, also, of that part of the decree which might be interpreted to mean that the defendants, Shaw, Brooks and Lynch, were entitled to have their judgments paid out of proceeds of the sale of the tractor made by the constable, and, inferentially, the provision of the decree requiring the justice and constable to report what amount of said money remained in their hands, which might be interpreted as supporting the theory that the said justice and constable had the right to make any disbursement of said fund. The complaint of the Millers, the only defendants appearing, as set up in their assignment of cross error, is that it was error on the part of the court to decree plaintiffs deed of trust to be a lien on the tractor aforesaid, having priority over all liens, particularly the alleged attachment and execution liens against said tractor; and that it was error for the court to decree any sum in favor of John Shaw, Frank Brooks and Gay Lynch on the amount of their claims and judgments from the proceeds of the tractor sale, and still decree that the sale, based on such judgments, was void; and further that the court did not place the Millers in *status quo*.

In our opinion, the defendants, Shaw, Brooks and Lynch, never at any time obtained any lien by attachment, execution, or otherwise, on the tractor conveyed in the deed of trust from C. E. Liston to W. D. McCauley, trustee, dated March 10, 1945, and notwithstanding the fact that said deed of trust was not recorded until March 12, 1946, the lien of the same remained the first in priority on said tractor; and, therefore, the decree of the trial court, that no title to the tractor passed to the Millers under the constable's sale made February 4, 1946, should be affirmed. We take this position, as to the Lynch judgment, on the fact that the same was entered against J. Natwick & Company, Incorporated, a nonexistent party. Surely a party may not institute a suit

against a person or corporation not in existence, and on the basis of a judgment obtained in such a suit, issue an execution and obtain a lien on property of another person. Clearly, the tractor in question was, at the date of all of these alleged recoveries, the property of C. E. Liston; and, therefore, Lynch could not have possibly had any right as against the said tractor as the property of J. Natwick & Company, Incorporated, even if he had been in position to ask for a personal judgment against such corporation as an existing entity. The alleged judgments in favor of Shaw and Brooks stand on a slightly different basis. The suits instituted by these parties on November 24, 1945, were against J. Natwick & Company, both as a corporation and as a partnership, and against Liston, but there was no service of process on any of these parties. The earliest return day possible in each of these cases was November 29, 1945, and yet we find that on November 27, 1945, a second summons was issued in each case and made returnable December 29, 1945. Code, 50-9-10, provides that:

"When the summons in the action has been served on the defendant against whom an order of attachment is issued, or such defendant appears to answer the action, the plaintiff may proceed to trial and judgment against him as in other actions before justices. But if the summons be not served on such defendant, and he do not appear to answer the action, a second summons shall be issued against him, returnable in not less than one nor more than two months after its date, stating that property or claims of the said defendant have been attached to answer the plaintiff's demand; * * *."

This statute must mean that no second summons may issue in an attachment case, until the defendant has had an opportunity to appear and answer the original summons, as he may do. A second summons issued before the return day of the first summons in such a case is void. This procedure in substance was followed in all three of these cases. The second summons in the Lynch

case was issued on the same date as that of the original summons. This action of the justice did not serve to give the justice jurisdiction to enter the said judgments, and, being void from the beginning, did not authorize the issuance of the executions on January 8, 1946, under which the sale of the tractor was made.

There is another defect which, in our judgment, makes the Shaw and Brooks judgment void. In both cases, attachments were issued by the justice on affidavits which the plaintiffs in this suit attack as insufficient. In view of the liberality with which pleadings and other papers filed before justices are treated by courts, we are unwilling to hold that these affidavits were insufficient. They are lacking in detail as to the character of the claim, but on the whole, we think they are sufficient. However, in the Brooks case, while the attachment was issued by the justice, it does not appear to have been delivered to the constable, and, of course, there was no levy thereof. In the Shaw case, the attachment was issued and delivered to the constable, but there was no levy. Code, 50-9-20, provides that:

"The plaintiff shall have a lien upon any personal property and claims of the defendant, from the time of the levy of such attachment, but such lien may be defeated by a sale, pledge, or other transfer of such property or claims before seizure, if such property or claims are subject to levy and sale under an execution, to a purchaser for value without notice, who advances money or other value at the time of such transfer, in reliance upon the defendant's title to such property or claims: * * *."

Code, 50-9-11, provides that:

"A judgment rendered by a justice where the summons has not been served on the defendant, and he has not appeared to answer the action, shall have the effect of a judgment only as to the property and claims of such defendant at-

tached in the action. An execution issued on such judgment may be levied on the property subject to the attachment, but not on any other."

A lien of attachment is effected by levy thereof, and gives a justice power to enter judgment, and to subject the property covered by the lien thereof to the payment of such judgment but no further. For these reasons, the failure to levy the attachments in these cases effectually barred the justice from entering judgments, and the judgments he did enter were for that reason void.

If the judgments of the justice, aforesaid, were void, then no rights whatever were created thereunder. The constable did not have the right to sell the tractor involved in this case, and the supposed purchasers thereof did not obtain title thereto. If this be true, then the relentless logic of the situation impels us to hold the Millers were entitled to have refunded to them the full sum of $1,-200.00 which they paid the constable. The constable, having no power to make the sale, did not have any right to disburse any part of that fund to the plaintiffs in the action in which the void judgments were entered. In so far as the decree of the circuit court may be construed to authorize any disbursement of the $1,200.00, received from the Millers for the tractor, aforesaid, the same is disapproved, and reversed. The Millers are entitled to have refunded to them the entire $1,200.00 which they paid; but the Millers, having put it out of power of the court to obtain possesion of the tractor involved, are liable to the plaintiffs herein for the $3,000.00 they received from the sale thereof, with interest from the date of such sale, and the court was well within its power in providing that the sum in the hands of the constable or justice, arising from the sale of the tractor, should be paid to plaintiff or his counsel, and applied on the $3,000.00 decree against the Millers.

The decisive question in this case was the validity of the attachments, judgments and executions issued

thereon, which were made the basis of the sale of the tractor to the Millers on February 4, 1946. When we hold those judgments and executions void, there appears to be but one course to follow and that is to hue to the line, and restore the *status quo* existing at the time of said sale. But for the action of the Millers in disposing of the tractor after they had been enjoined from so doing, they could have satisfied their liability in the premises by returning the tractor to the trustee, who could have sold the tractor under the deed of trust of March 10, 1945. Having put it out of the power of the court to obtain possession of the tractor, the Millers became liable for the money they received for its sale. On the other hand, the sale being absolutely void, the Millers are entitled to the return of the money they paid as purchase money at such void sale, and they are entitled to that sum without any deductions whatever. We cannot justify a distribution of said sum among the judgment creditors here involved, and at the same time hold their judgments to be void. The matter of the disposition of the $1,200.00, after it had been returned, has been properly provided for in the decree entered by the circuit court.

We, therefore, reverse the decree of the Circuit Court of Preston County, entered on the 10th day of February, 1948, and remand the cause, with directions to enter a proper decree therein not in conflict with the views herein expressed.

*Reversed with directions.*